311 So.2d 462 (1975)
Coleman D. TINNIN
v.
Warren DONNELLY et al.
No. 6453.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1975.
Tucker & Schonekas, Arthus S. Mann, III, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, Henry Leon Sarpy, New Orleans, for defendants-appellees.
Before STOULIG and MORIAL, JJ., and BARON B. BOURG, Judge Pro Tem.
BARON B. BOURG, Judge Pro Tem.
This is a wrongful death action arising out of an accident wherein the plaintiff's deceased mother, Mrs. Coleman Tinnin, was struck down by an automobile when she was attempting to walk across Veterans Memorial Highway in Metairie, Louisiana. Plaintiff named as defendants in the suit, the driver of the automobile, Kay E. Donnelly, who was a minor at the time of the accident but has since attained the age of majority; the owner of the automobile and father of the above named defendant, Warren Donnelly; and their automobile liability insurer, Cumis Insurance Society, Inc. After a trial on the merits, judgment was rendered in favor of the defendants, dismissing plaintiff's petition with prejudice and at his cost.
On a finding that the trial court committed no reversible error, we affirm.
Only two witnesses were able to testify as to the facts of the accident: the defendant Miss Donnelly and an investigating officer who was called to the scene after the accident.
The defendant testified that she left her place of employment on Veterans Memorial Highway about noon to go home for lunch. She got into her car which was in a parking lot in front of the highway. Upon reaching the exit from the parking lot onto the highway, there was heavy traffic on the highway traveling in a westerly direction. She testified that she came to a complete stop; waited for traffic to clear; looked to her left, then to her right, and finally back to her left to make sure all traffic had cleared; she then took her foot off the brake which is when she "saw something go down." She further testified that at no time prior to impact did she see any pedestrian and had no idea where Mrs. Tinnin had come from.
*463 The investigating officer testified that upon arriving on the scene Mrs. Tinnin was lying in the extreme right-hand westbound lane of the highway; that Miss Donnelly's car was partially on the highway and partially on the shoulder. He found Miss Donnelly guilty of no traffic violations. He further testified that this accident was in the middle of the block, that there was no sidewalk or pedestrian crosswalk at the location of the accident and that the nearest intersection where a pedestrian could safely cross was sixty to sixty-five feet to the west of the accident scene.
Mrs. Tinnin was transported to East Jefferson General Hospital where she was treated for a fractured skull, multiple bruises, abrasions and contusions over her body. Mrs. Tinnin was confined in the hospital for twenty-two days until she was transferred to a hospital in Lafayette, Louisiana in order to be closer to the plaintiff's place of residence. She died the day after her arrival, of a pulmonary embolism.
The plaintiff contends that the trial court erred in holding that there was not enough evidence on which to base a finding of fault on Miss Donnelly's part and there was not enough evidence to negate contributory negligence on the part of Mrs. Tinnin.
The defendants contend that given the evidence and testimony at trial, the judgment of the trial court is correct.
Plaintiff cites numerous Louisiana cases charging the driver of an automobile with the serious responsibility of keeping his vehicle under control at all times and with the responsibility of keeping a proper lookout and seeing what he should have seen. As a corollary to this principle of law, there is a corresponding obligation owed by the pedestrian to keep a proper lookout for oncoming traffic.
There is, however, simply no evidence in the record that Miss Donnelly was not in complete control of the automobile nor that she was not maintaining a proper lookout. There is further no evidence in the record to indicate that Miss Donnelly had an unobstructed view of Mrs. Tinnin but through negligence failed to see her.
After a careful review of the record we cannot disagree with the judgment of the trial court that there was insufficient evidence on which to base a finding of fault on Miss Donnelly's part or to negate contributory negligence on Mrs. Tinnin's part. It is a well settled principle of law in this state that, absent a finding of manifest error, the trier of fact is given wide discretion in his conclusions of facts. This is especially true where the credibility and accuracy of the testimony of witnesses is of great importance in the resolution of the issues presented.
For the foregoing reasons, the judgment of the trial court, in favor of defendants and dismissing plaintiff's suit is affirmed. Cost of this appeal to be borne by plaintiff-appellant.
Affirmed.